GUARANTY TRUST CO. OF NEW YORK
v. GREEN. (No. 727.)

(Court of Civil Appeals of Texas. El Paso.
Oct. 11, 1917.)

1. APPEAL AND ERROR ⬤⇒1041(1)—ERRONE-
OUS FINDING—HARMLESS ERROR.

Even if the court erred in finding that the
amended pleading set up a new cause of action,
it was immaterial, in view of the holding here-
inafter that defendant was not a party to the
suit at the time citation was issued.

2. JUDGMENT ⬤⇒944—FOREIGN JUDGMENT—
VALIDITY—EVIDENCE.

In a suit on a foreign judgment, held, un-
der the evidence, that the trial court was justi-
fied in finding that defendant was not a party
to the suit at the time judgment was entered
against him, and that the judgment was a nullity
for want of jurisdiction.

Appeal from District Court, Jones County;
Jno. B. Thomas, Judge.

Suit by the Guaranty Trust Company of
New York against Willie W. Green. Judg-
ment for defendant, and plaintiff appeals.
Affirmed.

G. M. Shelton, of Hamlin, for appellant.
Joe C. Randel, of Hamlin, for appellee.

HARPER, C. J. This suit originated in the
district court of Jones county, Tex., wherein
the plaintiff, appellant in this case, Guaran-
ty Trust Company of New York, trustee, sued
the defendant, Willie W. Green, upon a for-
eign judgment obtained in the state of Mis-
souri for the sum of $1,335.20, and was tried
before the court on the 2d day of August,
A. D. 1916, a jury having been waived, and
the court rendered judgment in favor of the
defendant, Willie W. Green, and against the
Guaranty Trust Company, appellant herein,
for all costs of suit. The plaintiff thereafter
filed its appeal bond, appealing said cause to
the Court of Civil Appeals for the Second
Supreme Judicial District, at Ft. Worth, Tex.,
and the cause is now transferred to this
court for hearing.

The trial court made the following findings
of facts and conclusions of law:

"First. Plaintiff showed that on the 13th day
of February, 1914, Stephen H. P. Pell, Howland
H. Pell, and Charles A. Kipple, copartners,
doing business under the name of S. H. P. Pell
& Co., as plaintiffs, filed suit against W. M.
Green in the circuit court of the city of St.
Louis, Mo., for the sum of $1,243.38; that upon
the filing of said petition a writ of summons
was issued by the clerk of said court to the
sheriff of St. Louis, commanding him to sum-
mons W. M. Green to appear before the judge
of said circuit court on the first Monday in
April, 1914; that the sheriff, intending to serve
W. M. Green, as shown by his return on the
citation on the 13th day of February, 1914, ex-
ecuted the writ by delivering to Willie W. Green
a copy of the writ and petition in the city of
St. Louis, Mo.; that on May 12, 1914, the
plaintiffs in said cause in said circuit court, by
leave of the court, filed their amended petition,
setting up the fact that Willie W. Green was
the actual defendant in said suit and not W.
M. Green, and setting up a different cause of ac-
tion than alleged in their original petition.

"Second. That W. M. Green and Willie W.
Green are two separate and distinct persons,
and both residents of Texas, and never resided
in the city of St. Louis, nor state of Missouri.

"Third. That at the time of the service on
Willie W. Green in the city of St. Louis, Mo.,
there was no case pending against him in any
of the courts of Missouri; and that after the
amended petition was filed making him a par-
ty to the suit he was not served with notice
nor citation and knew nothing of the suit
against him until after judgment had been ren-
dered against him, to wit, on September 9,
1915, being the judgment sued upon herein;
that thereafter in June, 1916, the defendant
Willie W. Green was demanded to pay said
judgment, which was the first time that he
knew or had any knowledge that said suit and
judgment was against him.

"Fourth. That said judgment was taken by
default against the said Willie W. Green, and
without his appearance in person or by attor-
ney, and without his knowledge of said suit.

"Fifth. The court further finds as a fact
that S. H. P. Pell & Co., the original plaintiffs
in the case in the said circuit court of Missouri,
went into bankruptcy, and that the Guaranty
Trust Company of New York, trustee of said
bankrupt, was substituted as plaintiff in said
cause before judgment, and that said judgment
was entered for said Guaranty Trust Company,
as trustee.

"Sixth. That on September 9, 1915, the circuit
court of the city of St. Louis, Mo., rendered
judgment in favor of the Guaranty Trust Com-
pany, trustee, against the said Willie W. Green
for the sum of $1,335.20, and is the judgment
sued upon herein.

"The court concludes as a matter of law from
the foregoing facts, as follows:

"First. Said judgment sued upon herein being
a foreign judgment, rendered by default, and
without personal service, is not a valid judg-
ment and would not support a cause of action.

"Second. Said judgment being a foreign judg-
ment, rendered without having any jurisdiction
of the person of the defendant, Willie W.
Green, is void and of no force and effect what-
ever."

[1] The third assignment is that the court
erred in finding that the amended pleadings
upon which judgment was rendered set up a
new cause of action. In view of the holding
hereinafter that the appellee was not a par-
ty to the suit at the time citation was issued,
it is immaterial whether the amended peti-
tion set up a new cause of action.

[2] Fourth assignment:

"Plaintiff assigns as error that portion of the
court's third conclusion of fact, wherein the
court finds as a fact that at the time of the
service on Willie W. Green in the city of St.
Louis, Mo., there was no case pending against
him in any of the courts of Missouri."

The record discloses that the original pe-
tition filed in the circuit court of St. Louis,
February 13, 1914, named W. M. Green de-
fendant. The citation issued and served
same date was addressed to same party. At
the April term, 1914, an amended petition
was filed, setting up that the debt sued upon
was contracted by W. M. Green & Son, a co-
partnership composed of W. M. Green and
Willie W. Green.

Following the filing of said amended peti-
tion, same term, the following motion was
filed:

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Now come the plaintiffs in the above-entitled cause, and file this their motion to amend the summons and return in the above-entitled cause, as follows: (1) The summons as issued by the clerk commands the sheriff to summon the plaintiffs, instead of to summon the defendant, and in the same manner names the defendant as plaintiff instead of as defendant; and the summons should read: 'We command you to summon Willie W. Green to appear,' etc., 'to answer the complaint of Stephen H. P. Pell, Howland H. Pell, and Charles A. Kittle, copartners doing business under the name of S. H. P. Pell & Co.' (2) The return of the sheriff on the above summons is as follows: 'Executed this writ in the city of St. Louis, Mo., this 13th day of February, 1914, by delivering a copy of the writ and petition as furnished by the clerk to W. M. Green, defendant herein.' By mistake the defendant in the original petition was named as 'W. M. Green,' when in fact he should have been named as 'Willie W. Green'; that, in point of fact, the defendant, Willie W. Green, was actually served with a copy of the writ and petition, and is the defendant on whom the sheriff made service, and the sheriff's return should therefore return service on the defendant, Willie W. Green. Wherefore plaintiffs move the court to order the summons, and the return thereon, to be amended in the particulars herein mentioned and set forth."

At the June term, 1915, the court granted the motion to amend "the summon." The clerk issued the citation to Willie W. Green and dated it February 16, 1914, and the return on this is dated February 13, 1914.

The question then is, was the trial court correct in finding as a fact from this evidence that Willie W. Green was not a party to the suit at the time judgment was entered? We think so clearly. It is evident that the father was the party against whom suit was intended to be filed, and that when it was discovered that he had not been served but another had been—the son—as an afterthought this attempt was made to change the personnel of the party sued.

The first and second assignments charge that the court erred in its first and second conclusions of law, copied above. Since we hold that the trial court was correct in finding as a fact that the appellee, Willie W. Green, was not a party to the suit, it follows that the conclusions of law complained of are correct.

The circuit court of St. Louis, Mo., not having acquired jurisdiction, its judgment is a nullity. Redus v. Burnett, 59 Tex. 576.

The assignments are therefore overruled, and cause affirmed.

